On the Merits.
Poci-ié, J.
This suit was instituted in January, 1867, with the object of annulling’ the sale under executory process, of a piece of landed property belonging to plaintiff', seized by the defendant Davis, and adjudicated to his co-defendant, Mrs. Kuntz.
At the death of West, in September, 1867, his widow was qualified as testamentary executrix of his succession, and in said capacity, she became plaintiff in the suit, and judgment was rendered against her in December, 1868.
This appeal was taken from said judgment in May, 1878, by I-Ienry West, who alleged in a petition of appeal, that he was one of the children of the deceased J. H. West, and that he had reached his age of majority on the 29th of May, 1877, or less than one year previous to his application for an appeal in the case.
Under the decree rendered on appellee’s motion to dismiss this appeal, by our immediate predecessors, who overruled said motion, the right of' this Court to examine into the validity of this ajipeal was specially reserved.
We shall now proceed to tost the right of the present appellant to maintain his appeal, taken nearly ten years after the rendition of the judgment which he seeks to reverse.
The pleadings and the record show that the succession of the deceased, who had left three children and a surviving widow in community, rvas under administration, and was fully and legally represented herein by the widow in her recognized capacity of testamentary executrix; and that the succession of the father was, and could only bo accepted with benefit of inventory by his minor children, who had only a residuary interest in his succession.
Hence, it follows that those heirs, if even of age at the time of the rendition of the judgment, could not have stood in judgment in the name of the succession thus represented and administered. It is, therefore, clear, that subsequently, in May, 1878, the present appellant, who had acquired no greater rights in and to the succession, and to this specific property, alleged to belong to the succession, could not, in his own right, represent the succession, or his co-heirs, yet minors, in moving for this appeal, and that the proceedings instituted by him alone, with a view to reverse the judgment rendered against the succes *359 sion, duly represented, could not prevent the judgment of the District Court from becoming final against the succession, whose legal representative had failed to take an appeal within one year after the rendition of the judgment. Audat, curatrix, vs. Lutey, curator, 12 R. 325; Préjean vs. Robin, curator, 14 A. 788.
The right conferred by Art. 593, Code of Practice, to minors to appeal from judgments in which they are interested, within one year after the day of their becoming of age, does not contemplate the exercise of such right by the minor heir of a succession under administration, and duly represented by an administrator or executor, and when the latter acquiesced in the judgment, or took no appeal within the time prescribed by law.
We, therefore, hold that the judgment appealed from had become final against the succession of James H. West, when this appellant obtained his order of.appeal, which is, therefore, an absolute nullity.
It is, therefore, ordered, that the appeal be dismissed at appellant’s csots.